UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC JOHN WEERSTRA,

    Petitioner,                           CASE NO. 2:07-CV-14390
v.                                           HONORABLE PAUL D. BORMAN
                                                UNITED STATES DISTRICT COURT

C. EICHENLAUB,
    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a habeas case brought pursuant to 28 U.S.C. § 2241. Eric John Weerstra, ("Petitioner"), a federal prisoner presently confined at the Federal Correctional Institution in Milan, Michigan, is challenging a determination by the Federal Bureau of Prisons ("BOP") concerning his eligibility for placement in a Community Corrections Center ("CCC"). For the reasons set forth below, the petition for writ of habeas corpus is dismissed without prejudice.

## I. BACKGROUND

Petitioner was convicted of robbery affecting commerce in the United States District Court for the Eastern District of Michigan. Petitioner was sentenced on March 28, 2006 to fifty seven months in prison and two years supervised release. Petitioner has a projected release date of August 8, 2009.

Petitioner has now filed a habeas petition, in which he challenges the validity of BOP regulations, 28 C.F.R. §§ 570.20 and 570.21, which categorically limit the BOP's authority to place offenders in CCCs prior to the final ten percent or six months of their sentences, whichever is less. Respondent has filed a response to the petition, which urges that the petition should be dismissed on the ground that petitioner has failed to exhaust his administrative remedies and that

1

petitioner's issues are not yet ripe for adjudication.

## II. DISCUSSION

The instant petition is subject to dismissal, because petitioner acknowledges that he has failed to exhaust his administrative remedies with the BOP prior to filing the instant petition.

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. 2003). The burden is on the habeas petitioner to prove exhaustion. *See, e.g., Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, petitioner has failed to meet his burden of showing exhaustion of administrative remedies. Petitioner has failed to demonstrate that he has exhausted each of the claims contained in his habeas petition by filing an appropriate complaint with the BOP and by pursuing his appellate rights within the BOP before proceeding in federal court. *See, e.g., Bailey v. Hemingway*, 2001 WL 1525269, *2 (E.D. Mich. August 9, 2001)(Cleland, J.)(listing available remedies).

In addition, petitioner has not shown that exhaustion would be futile. Exhaustion requires that petitioner fairly present his claims to the BOP, but does not require that the BOP rule on the merits of those claims. *See Fuller v. Rich*, 11 F. 3d 61, 62 (5th Cir. 1994). Presentation of the claims is sufficient to satisfy exhaustion. Petitioner must attempt to fully exhaust his administrative remedies before seeking federal habeas relief. *See, e.g., Six v. United States Parole Comm'n.*, 502 F. Supp. 446, 448 (E.D. Mich. 1980). Although petitioner argues that administrative exhaustion would be futile, because of the BOP's mandatory policy of not

2

considering prisoners for CCC placement prior to the final 10 % or the last sixth months of their sentence, the BOP should nonetheless be given the opportunity to consider the application of its policy to petitioner's claim before the matter is litigated in the federal courts. *See Taylor v. United States,* 62 F. 3d 1418 (Table), 1995 WL 460512, * 3 (6th Cir. August 2, 1995); *See also Holmes v. Eichenlaub,* No. 2007 WL 3408532, * 2 (E.D. Mich. November 13, 2007)(Cohn, J.); *Ortiz v. Eichenlaub,* No. 2007 WL 2572014, * 2 (E.D. Mich. September 5, 2007)(Taylor, J.); *Travis v. Eichenlaub,* 2007 WL 2481041, * 1 (E.D. Mich. August 29, 2007)(Borman, J.); *Marhsek v. Eichenlaub,* 2006 WL 2485855, * 1 (E.D. Mich. August 28, 2006)(Roberts, J.); *Kielkopf v. Bureau of Prisons,* 2006 WL 2255432, * 2 (E.D. Mich. August 4, 2006)(Tarnow, J.); *Rodriguez v. Federal Bureau of Prisons,* 2006 WL 1897296, *1 (E.D.Mich. July 11, 2006)(Gadola, J.)(all rejecting petitioner's argument that it would be futile for him to attempt to exhaust his administrative remedies with the BOP regarding his eligibility for CCC placement prior to seeking habeas relief). [1]

Moreover, as the respondent notes in her answer, two cases challenging the validity of 28 C.F.R. § 570.20 and § 570.21 are currently pending before the Sixth Circuit Court of Appeals. *See Marshek v. Eichenlaub*, U.S.C.A. No. 07-1246 (6th Cir. filed February 15, 2007); *Holloway v. Marberry,* U.S.C.A. No. 07-2040 (6th Cir. filed August 22, 2007). In the *Marshek* case, the Sixth Circuit ordered that the case be submitted on the briefs for November 2, 2007. On November 16, 2007, Mr. Marshek's attorney filed a motion to expedite the decision. The Sixth

---

[1] The Court notes that two of these judges have rejected similar futility arguments even though these same judges have granted habeas relief to other federal prisoners based upon the BOP's refusal to immediately consider these prisoners for transfer to a CCC, after these prisoners had exhausted their administrative remedies. *See Halter v. Eichenlaub,* No. 2007 WL 2873944 (E.D. Mich. September 25, 2007)(Cohn, J.); *Weirup v. Eichenlaub,* No. 2007 WL 2300715 (E.D. Mich. August 7, 2007)(Taylor, J.).

3

Circuit should therefore be issuing a decision in the *Marshek* case in a short period of time.[2] As respondent indicated in her answer, a ruling by the Sixth Circuit in either of these cases may resolve petitioner's claims, rendering it unnecessary for this Court to render a decision with respect to the issues raised by petitioner.

### III. ORDER

For the reasons stated above, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 27, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 27, 2007.

s/Denise Goodine
Case Manager

---

[2] This Court obtained this information from the Sixth Circuit's website, which this Court is permitted to take judicial notice of. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).